# LAW OFFICE OF KEVIN J. KEATING

Kevin J. Keating, Esq.

Counsel:
Stefani Goldin, Esq.

666 Old Country Road, Suite 900
Garden City, New York 11530

T: 516-222-1099
F: 516-745-0844

MANHATTAN OFFICE
BY APPOINTMENT
T: 212- 964-2702

June 27, 2019

**Via ECF**
Hon. Joan M. Azrack
United States District Judge
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

Re: <u>United States v. Mahmoud Barakat</u>
Dkt.18 Cr. 292

Dear Judge Azrack:

As the Court is aware, along with co-counsel Robert Feitel, I represent Mr. Barakat. I write in response to the Government's letter of June 20, 2019, wherein the Government requests that a Curcio hearing be conducted on July 16, 2019, to determine whether Mr. Feitel has a conflict of interest, and whether such a conflict can be waived by Barakat. For the reasons set forth herein, and those advanced to the Court during our status conference of June 6, 2019, it is respectfully submitted that a Curcio hearing is unnecessary, as the Government has failed to establish the existence of a potential conflict of interest warranting such a hearing.

As the Court is aware, on March 27, 2019, Barakat was charged in a superseding indictment which added charges of conspiracy to obstruct justice, and obstruction of justice, to the underlying indictment (18 USC 1512 (k) and 1512 (c)(1)). In these counts, the Government alleges that Barakat sent, or caused another to send, an altered exculpatory account statement to Mr. Feitel to use in the defendant's bail proceeding.

With this, the Government argues that a potential conflict exists as "the Government intends to call Feitel as a witness", thus implicating the witness-advocate rule. (Gov't. ltr. p.6) Moreover, the Government argues that any communication Feitel may have had with Barakat involving Feitel's receipt of the purportedly altered account statement is not privileged by virtue of the crime fraud exception (Gov't. ltr. p.5). In this regard, while conceding that Mr. Feitel did not act with bad motive or intent in submitting the account statement to the Court, the Government nonetheless argues that the crime fraud exception applies to Feitel's

communications with Barakat on this subject, as any such conversation was in furtherance of Barakat's objective in perpetrating the fraud, thus triggering the crime fraud exception. (Gov't. ltr., p.2, 6; citing United States v. McDonald, WL 31956106, at 4 (EDNY 2002). The Government's application, utterly bereft of supportive facts, should be rejected as it falls woefully short of meeting their required burden in establishing that any such attorney client conversation is non-privileged.

To begin, it is well settled that the standard for disqualification of counsel begins with a "presumption in favor of the accused's chosen counsel" which can only be overcome, "by a showing of an actual conflict or potentially serious conflict". United states v. Locasio, 6 F.3d 924, 931 (2d Cir. 1993); Wheat v. United States, 486 US 153, 160, 164 (1988). In this Circuit, disqualification is viewed with disfavor as it impinges on a client's right to freely choose his counsel Finkel v. Frattarelli Bros, Inc., 740 F. Supp 2d 368, 372 (Bianco, EDNY 2010), citing Bennett Silvershein Assoc. v. Furman, 776 F. supp. 800, 802 (SDNY 1991). And, this Circuit has noted "the high standard of proof" required of those moving for disqualification. Finkel, id., citing Evans v. Artek Sys. Corp., 715 F2d 788, 791 (2d Cir. 1983).

The Government's stated intention to call Feitel as a trial witness in their effort to prove the obstruction counts against Barakat appears to be aimed at establishing the following facts. First, that the allegedly altered document was filed by Feitel on behalf of his client in an official judicial proceeding. But, as addressed in the status conference of June 6, 2019, this is a self-evident fact. It is undisputed that Mr. Feitel filed a bail application on behalf of Barakat on the Court's Electronic Case Filing System, and attached the allegedly altered document as an exhibit to his written application. As such, it is not a contested fact, thus Feitel's removal on this basis under the witness - advocate rule is not warranted (see NY Rules of Professional Conduct, Rule 3.7 (a)). Moreover, as previously argued, any prejudice stemming from Feitel being an unsworn witness at trial on this issue can be readily cured by the Court's directive that the Government utilize the term "counsel" in place of Mr. Feitel's name when introducing evidence of the filing of the allegedly altered document.

Next, as argued in their instant application, the Government at trial will seek to establish through Feitel's testimony concerning his conversations with his client Barakat, that Feitel received the altered document from Barakat and filed it at his direction – conversations rendered non-privileged by the crime fraud exception. On this, the Government's application falls short as the government has proffered *no facts or evidence* supportive of their entirely speculative claim that Feitel indeed had conversations with his client concerning the receipt and filing of the allegedly altered document. Instead, the Government seeks the disqualification of Feitel based entirely on the bald assertion that they will call Feitel as a witness and compel his testimony concerning his non-privileged conversations with his client on this issue. However, in seeking Feitel's disqualification on this basis, the Government ignores the two part showing required to compel counsel's testimony based upon the crime fraud exception.

In order to compel otherwise privileged testimony under the crime fraud exception, the Government must come forward with *evidence* to show that confidential communications were made in furtherance of a fraud. United States v Zolin, 491 US 554,573 (1989). In short, the

Government must identify a factual basis for the exception. See United States v. Jacobs, 117 F3d 82, 87-88(1997).

This issue was squarely addressed in United States v. McDonald, 2002 WL31056622 (EDNY, Judge Seybert). There, the Government sought removal of counsel arguing their intention to compel his testimony at trial concerning conversations with his client, while claiming their non-privileged status under the crime fraud exception. Finding the Government's application "flawed", the Court cited the Government's "apparent disregard for its burden to come forward with *evidence* to show that confidential communications were made in furtherance of a fraud". (Id at *2; citing Zolin, supra. emphasis in original). The Court further noted the Government's failure to recognize " the temporal nature of the exception and the narrow circumstances to which it applies" (McDonald at *2; citing Jacobs, supra. at 88-89).

Here, the Government's failure to support their assertion that Feitel's testimony can be elicited concerning conversations with his client due to the crime fraud exception, is particularly stark. The Government cites to no evidence concerning the content of any conversations between Barakat and his attorney concerning the filing of the document which would render them non-privileged under the crime fraud exception. In fact, the Government is unable to supply any evidence that conversations even occurred between Barakat and his counsel concerning the issue. As such, under controlling law, the Government's assertion that it intends to compel testimony from Mr. Feitel at trial concerning his conversations with his client is baseless. Of course, without the crime fraud exception, Mr. Feitel is not a government witness.

Finally, two other points are worth noting. First, the Government was able to obtain Barakat's indictment on the obstruction counts without the testimony of Mr. Feitel concerning his conversations with his client, thus it would appear the Government already has evidence linking Barakat to the filed document, thus obviating the need to impose the drastic measure of disqualifying counsel. And, the Government's application for disqualification, in any event, appears premature. As has been well chronicled, the Government is still in the process of providing (in a piecemeal and rather uneven fashion) discovery in this matter, and neither a motion schedule or a trial date has been set by this Court.

Accordingly, as the Government has failed to set forth facts sufficient to show that Mr. Feitel will be a Government witness at trial, there is no basis to disqualify him under the witness advocate rule.

Thank you for your consideration.

Very truly yours,

KEVIN J. KEATING

KJK/cj

cc: Robert Feitel, Esq.
    AUSA Charles Kelly
    AUSA Burton Ryan